Henry J. Latham, J.
This is an application by defendants to stay arbitration.
Heretofore, by notice of motion dated August 2,1963, defendants moved, inter alia, for an order “ staying all proceedings in this action until arbitration has been had pursuant to contract”. On page 3 of the reply affidavit of movants’ attorney, submitted on that motion, a request was made that defendants “ be allowed to proceed with the arbitration.” (Emphasis supplied.) On page 7 of said attorney’s memorandum of law, also submitted on that motion, the following language appeared under the heading ‘ ‘ plaintiff has not been prejudiced by the delay ’ ’ of the defendants in so moving: 1 ‘ If plaintiff is * * * interested in having this controversy decided with all due speed, submission to arbitration pursuant to their agreement is the quickest means to that end.” (Emphasis supplied.)
The motion for a stay of the action was granted, the court having rejected plaintiff’s contention that defendants had waived their right to arbitration by their delay in moving. (See Murray Hill Co-Op. Apts. v. Alja Realty Corp., N. Y. L. J., Aug. 22, 1963, p. 9, col. 5.)
On this application, defendants contend that plaintiff’s right to arbitration is barred by limitation of time. And so it would *996 appear, if that ground is presently available to defendants. The court does not believe that it is.
The crucial facts are these: The agreement containing the provision for arbitration and providing that demand therefor be made within a reasonable time after a dispute had arisen was dated February 25,1954. The dispute occurred in or about April, 1956 and the plaintiff commenced its action in October, 1956. On March 15, 1961 defendants answered and demanded a bill of particulars. Plaintiff served its bill in April, 1963 and filed its note of issue for the September 1963 Term. Defendants’ motion for a stay of the action was heard on August 15, 1963, and the order granting that motion was made on September 5, 1963. Plaintiff served its demand for arbitration on January 7, 1964, after its informal requests for co-operation in instituting such proceeding were refused.
Defendants argue that plaintiff’s right to arbitration had been barred by limitation of time well prior to the date of defendants’ motion for a stay of the action.' They suggest, correctly, that the fact that one is so foreclosed would not aid his position on such a motion. (Klein Coat Corp. v. Peretz, 4 Misc 2d 341, 346-347.) It must be noted that the question of whether arbitration had then been barred by limitation of time was not called to the attention of the court. However, as aforesaid, defendants, who must be charged ivith having Icnoivn that plaintiff’s right to arbitration was barred by limitation of time at the time of their motion for a stay of the action, specifically ashed the court on that motion that they “ be alloioed to proceed with the arbitration” and asserted, that “ submission to arbitration ” is the “ quichest means ” to a resolution of the dispute. Had it not been for these statements and defendants’ affirmative representation as to the lach of prejudice which would accrue to plaintiff if a stay were granted, the court might have taken a different position on the question of whether defendants had waived their right to a stay. Obviously, plaintiff did not feel aggrieved by the order granting such stay. Bather than appeal from said order, it chose to commence arbitration in accordance with defendants’ own statement of position. Defendants are now estopped from asserting limitation of time as a bar. (Cf. Matter of Martin v. C. A. Prods. Co., 8 N Y 2d 226, 231; Matter of Shea, 309 N. Y. 605, 619.) The application is denied.